## WILLIAM DAILY *vs.* THOMAS JORDAN & Trustee.

Labor being performed under a special contract, by which three fourths of the earnings of each month are to be paid for, on the engineer's certificate thereof, and the remaining fourth when the whole work contracted for shall be accepted agreeably to the contract, the employer is not liable as the trustee of the laborer for such remaining fourth part, until the whole work is completed and accepted.

IN this case, the only question was, whether the South Shore Railroad Company were liable as trustees. It appeared, from their answer, that the defendant had been employed by them, under a contract in writing, containing the following stipulation : —

" Between the first and tenth of each month, after the commencement of the work, the engineer shall estimate the work done, and give a certificate of the same, and upon the presentation of said certificate to the treasurer of said company, three fourths of the amount then due for work specified in said certificate shall be paid to the contractor ; provided, however, that no certificate shall be given within one month after

Daily *v.* Jordan & Trustee.

the commencement of the work, and provided also that no certificate for a less sum than five hundred dollars shall be given, except at the discretion of the engineer; and when the whole of the work contracted for is accepted, agreeably to contract, the balance due shall be paid to the contractor."

It also appeared, that, at the time of the service of the writ, the defendant had been paid, on the engineer's certificates, for three fourths of the amount due him for labor under his contract; but that the whole of the work contracted for not having been accepted agreeably to the contract, the remaining fourth part had not been paid.

*N. F. Safford*, for the trustees, referred to *Smith* v. *Blair*, 11 Law Reporter, 119.

*F. A. Kingsbury*, for the plaintiff.

*Trustees discharged.*